IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN VANDERKAM and<br>GAYLYN DIERINGER,<br><br>Plaintiffs,<br><br>v.<br><br>PENSION BENEFIT GUARANTY<br>CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COME Plaintiffs, JOHN VANDERKAM and GAYLYN DIERINGER, by their attorneys William A. Chittenden, III, Joseph R. Jeffery, and Chittenden, Murday & Novotny LLC, and complaining against Defendant state as follows:

### Jurisdiction and Venue

1. The dispute in this matter involves a determination by the Pension Benefit Guaranty Corporation ("PBGC") as to the benefits Plaintiffs are entitled to receive under the terms of a terminated employee pension benefit plan administered by the PBGC. The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* governs this dispute. Accordingly, this matter arises under federal law and this Court has original jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1331.

2. The PBGC is a United States government agency that administers the pension plan termination insurance program under Title IV of ERISA. Plaintiffs bring this action pursuant to Section 4003(f)(1) of ERISA, 29 U.S.C. § 1303(f)(1).

3. This Court is the "appropriate court" for this action against the PBGC. 29 U.S.C. § 1303(f)(2)(C). Accordingly, venue is proper before this Court.

## Background Information:
## Beneficiary Determinations Prior To PBGC Takeover Of Plaintiffs' Plan

4.  Plaintiff John VanderKam was employed by the Huffy Corporation from February 16, 1957 through his retirement on August 1, 1994.

5.  As a result of Mr. VanderKam's employment, he was a participant in the Huffy Corporation Retirement Plan ("Plan"). A copy of the Plan's governing document for all dates after January 1, 2001, hereafter referred to as "Plan Document," is attached hereto as Exhibit A.

6.  Mr. VanderKam's retirement benefits were paid to him in the form of a qualified joint and survivor annuity ("QJSA"). Upon his death, the QJSA will pay Mr. VanderKam's surviving spouse the same monthly retirement benefits Mr. VanderKam currently receives.

7.  Mr. VanderKam was married to Melissa VanderKam ("Melissa") at the time of his retirement in 1994. Consequently, the Plan originally identified Melissa as Mr. VanderKam's beneficiary for the QJSA survivor benefits.

8.  Mr. VanderKam and Melissa divorced and, as part of the divorce settlement, Melissa waived and voluntarily divested all her interests and rights to the QJSA's survivor annuity.

9.  Mr. VanderKam married Gaylyn Dieringer in 2003 and asked the Plan to designate Gaylyn as the beneficiary of the QJSA's survivor annuity.

10.  The Plan advised Mr. VanderKam and Gaylyn (collectively the "VanderKams") that they could designate Gaylyn as the QJSA beneficiary by obtaining a qualified domestic relations order ("QDRO") that incorporated Melissa's waiver and divestment of her interests and rights to the QJSA's survivor benefits.

11.  The VanderKams obtained a QDRO from the District Court, 216th Judicial Circuit, Kerr County, Texas dated August 5, 2003. The Order incorporated Melissa's waiver of

her rights to the QJSA's survivor benefits and stated that Gaylyn was entitled to the QJSA's survivor benefits.

12. The Plan confirmed by letter dated August 15, 2003 that the court's Order was in fact a QDRO and that Gaylyn was the designated beneficiary of the QJSA's survivor benefit. Accordingly, Gaylyn became a Plan beneficiary under ERISA.

### PBGC's Takeover Of The Plan

13. The PBGC took over the Plan on August 31, 2005 and notified Mr. VanderKam of the benefits it determined he was entitled to receive.

14. Mr. VanderKam appealed that decision, contending he was entitled to a larger monthly benefit.

15. By letter dated September 26, 2008, the PBGC reversed its initial decision and increased Mr. VanderKam's monthly benefits. At the same time, the PBGC reversed the Plan's designation of Gaylyn as the beneficiary of the QJSA's survivor benefit and named Melissa the survivor beneficiary of the QJSA.

16. The beneficiary issue was not part of Mr. VanderKam's appeal and the PBGC did not afford the VanderKams the opportunity to weigh in on the matter before a decision was made. The PBGC did not even alert the VanderKams to the change in the September 26th letter. Instead, the PBGC slipped the change into the Beneficiary Statement enclosed with the September 26 letter.

17. Neither the letter nor the enclosed Beneficiary Statement explained the reasons for the PBGC's actions, and the PBGC never advised the VanderKams of their rights to appeal the change.

18. The VanderKams contacted the PBGC questioning the beneficiary change and, in response, the PBGC sent a letter dated December 11, 2008. That letter simply advised the VanderKams of what the PBGC contended was its policy; *i.e.*, that a survivor annuity must be paid to the spouse who was married to the participant on the annuity's start date.

19. The December 11th letter did not explain how or why that policy should operate to overturn a decision made by the Plan prior to the PBGC's assumption of control over the Plan.

20. The VanderKams challenged the PBGC's designation of Melissa as the beneficiary of the QJSA's survivor benefit. The PBGC responded by letter dated April 15, 2009 advising that "the PBGC's determination stands."

## COUNT I

21. The VanderKams hereby incorporate by reference the averments in Paragraphs 1 through 20 of the Complaint as and for the averments of Paragraphs 1 through 20 of this Count I.

22. Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), permits participants and beneficiaries of employee pension benefit plans to bring civil actions to enforce rights under their plans and/or to clarify their rights to future plan benefits.

23. The Plan Document provided that a QJSA "shall mean a monthly annuity for the life of a Participant, with a monthly survivor annuity for the life of the Participant's *Spouse* ...." (Plan Document, § 2.57, p. 9)(emphasis added). A "Spouse" under the terms of Plan Document "shall mean any individual who is the spouse or surviving spouse of the Participant as determined under applicable state domestic relations law." (Plan Document, § 2.74, p. 11). The QDRO confirmed that Gaylyn is Mr. VanderKam's spouse according to Texas law. Because Gaylyn – not Melissa – is the Spouse under the terms of Plan Document, she is entitled to the

QJSA's survivor benefits and the VanderKams are entitled to reversal of the PBGC's decision removing Gaylyn as the beneficiary of the QJSA's survivor benefit.

24. The Plan Document allowed Mr. VanderKam to replace Melissa with Gaylyn as the beneficiary of the QJSA's survivor benefits. The Plan Document provided that Mr. VanderKam could change his beneficiary as long as he did so consistent with Treasury Regulation § 1.401(a)-13. (Plan Document, §12.02, p. 56).

25. Treasury Regulation § 1.401(a)-13(g)(3) permits payment of QJSA benefits to an individual other than the original QJSA beneficiary when the designation is made pursuant to a QDRO. 26 C.F.R. § 1.401(a)-13(g)(3).

26. Because the court order designating Gaylyn as the payee of the QJSA's survivor annuity was a QDRO, the VanderKams are entitled under the Plan Document to reversal of the PBGC's decision removing Gaylyn as the beneficiary of the QJSA's survivor benefit.

27. As evidenced by the QDRO, Melissa waived her right to the QJSA's survivor benefit. In light of that waiver, and by operation of the Plan's definition of "Spouse" or Mr. VanderKam's designation, Gaylyn is the beneficiary of the QJSA survivor benefit. Accordingly, the VanderKams are entitled to reversal of the PBGC's decision removing Gaylyn as the beneficiary of the QJSA's survivor benefit.

**WHEREFORE**, Plaintiffs respectfully request, pursuant to 29 U.S.C. § 1132(a)(1)(B), that this Court enter judgment in their favor and award them the following relief:

    a. reverse the PBGC's September 26, 2008 decision designating Melissa VanderKam as the beneficiary of the QJSA's survivor benefit; and

    b. enforce the VanderKams' rights under the terms of the Plan and ERISA by directing the PBGC to designate in its records that Gaylyn Dieringer is the beneficiary of the QJSA's survivor benefit; and

      c.      clarify the VanderKams' rights under the terms of the Plan and ERISA by declaring that Gaylyn Dieringer will be entitled to receive the QJSA's survivor benefit in the event she survives Mr. VanderKam; and

      d.      award Plaintiffs their reasonable attorney's fees and costs in connection with this matter pursuant to 29 U.S.C. § 1132(g)(1) and § 1303(f)(3).

## COUNT II

28. The VanderKams hereby incorporate by reference the averments in Paragraphs 1 through 27 of Count I as and for the averments of Paragraphs 1 through 27 of this Count II.

29. ERISA confirms that the PBGC was a "fiduciary" of the Plan within the meaning of 29 U.S.C. § 1002(21)(A) and it gave the PBGC the power "to do any act" the Plan Administrator was authorized to perform under the Plan. 29 U.S.C. §§ 1342(d)(1)(A)(i) and (d)(3).

30. Section 404(a)(1)(B) of ERISA requires the fiduciary of an employee pension benefit plan to discharge its duties solely in the interest of the plan's participants and beneficiaries with the care, skill, prudence, and diligence that a prudent person acting in a like capacity and familiar with such matters would use. 29 U.S.C. §§ 1104(a) and 1342(d)(3).

31. Neither ERISA nor the Plan Document gave the PBGC the power to reverse the Plan's designation of Gaylyn as the survivor beneficiary of the QJSA. Accordingly, the PBGC breached its duty under ERISA to act with the skill, care, prudence, and diligence required when administering Plaintiff's benefits.

32. Furthermore, by relying on its purported policy at the expense of the VanderKams and in disregard of the Plan's terms, the PBGC failed to act solely in the interests of the Plan's participants and beneficiaries.

33. None of the material facts relied on by the Plan Administrator to conclude Gaylyn was the correct beneficiary of the QJSA's survivor benefit changed in the time period between

the Plan's August 2003 decision and the PBGC's reversal of that decision in September 2008. The only thing that changed was PBGC control over the Plan.

34. In light of the foregoing, the PBGC's reversal of the Plan's August 2003 beneficiary decision was arbitrary and capricious and, consequently, a breach of the PBGC's fiduciary duties under ERISA.

35. Section 502(a)(3) of ERISA permits participants and beneficiaries of employee pension benefit plans to bring civil actions to: (1) enjoin any act or practice that violates ERISA or the terms of a plan; or (2) obtain other appropriate equitable relief to redress such violations or enforce ERISA's provisions or the terms of a plan. 29 U.S.C. § 1132(a)(3).

**WHEREFORE**, Plaintiffs respectfully request, pursuant to 29 U.S.C. § 1132(a)(3), that this Court enter judgment in their favor and enter an Order:

    a.    to remedy the PBGC's violations of ERISA's fiduciary standards and the Plan's terms by enjoining the PBGC's enforcement of its September 26, 2008 decision designating Melissa VanderKam as the beneficiary of the QJSA's survivor benefit; and

    b.    to redress the PBGC's breach of its fiduciary duties by directing the PBGC to designate Gaylyn Dieringer the beneficiary of Mr. VanderKam's QJSA's survivor benefit; and

    c.    to enforce ERISA's fiduciary duty standards and the terms of the Plan by directing the PBGC to designate Gaylyn Dieringer the beneficiary of Mr. VanderKam's QJSA's survivor benefit; and

    d.    requiring the PBGC to pay the VanderKams' reasonable attorney's fees and costs in connection with this matter pursuant to 29 U.S.C. § 1132(g)(1) and § 1303(f)(3).

## COUNT III

36. The VanderKams hereby incorporate by reference the averments in Paragraphs 1 through 35 of Count II as and for the averments of Paragraphs 1 through 35 of this Count III.

37.     ERISA's so-called "anti-cutback rule" prohibits the amendment of an employee pension benefit plan in a way that decreases the accrued pension benefits a participant is entitled to receive under the plan. 29 U.S.C. § 1054(g).

38.     The benefits payable under Mr. VanderKam's QJSA, including the survivor benefits, represent the accrued benefits owed to Mr. VanderKam under the Plan.

39.     The PBGC contended in its December 11, 2008 letter that its policy did not allow Mr. VanderKam to designate Gaylyn as the QJSA's survivor beneficiary in August 2003.

40.     The PBGC's application of its purported policy overrides the terms of the Plan and is, in effect, an amendment to the Plan that deprives Mr. VanderKam of the full value of the pension benefits he accrued.

41.     Nothing in the Plan Document or ERISA permits the PBGC to apply its purported policy in a manner that deprives the VanderKams of the benefits promised in the Plan Document.

42.     Accordingly, the PBGC's reversal, based on its purported policy, of Mr. VanderKam's August 2003 beneficiary designation is invalid under ERISA's anti-cutback rule and cannot be enforced.

**WHEREFORE**, Plaintiffs respectfully request, pursuant to 29 U.S.C. § 1132(a)(3), that this Court enter judgment in their favor and enter an Order:

    a.    to remedy the PBGC's violations of ERISA's anti-cutback rule by enjoining the PBGC's enforcement of its September 26, 2008 decision designating Melissa VanderKam as the beneficiary of the QJSA's survivor benefit; and

    b.    to redress the PBGC's violation of ERISA's anti-cutback rule by directing the PBGC to designate Gaylyn Dieringer the beneficiary of Mr. VanderKam's QJSA's survivor benefit; and

    c.    requiring the PBGC to pay the VanderKams' reasonable attorney's fees and costs in connection with this matter pursuant to 29 U.S.C. § 1132(g)(1) and § 1303(f)(3).

Respectfully submitted,

**JOHN VANDERKAM and GAYLYN DIERINGER**

By: _/s/ Joseph R. Jeffery_
One of their attorneys

William A. Chittenden, III
Joseph R. Jeffery
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street
Suite 1400
Chicago, IL 60606
(312) 281-3600
(312) 281-3678 (fax)
O:\VA101\41329-PBGC\PLDGS\Complaint - rev 2.doc